

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 30, 2014

By ECF and Hand

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States* v. *Donald Taylor*, 14 Cr. 337 (ER)

Dear Judge Ramos:

    The defendant is scheduled to be sentenced in this matter on October 2, 2014, at 10:30 a.m. For the reasons explained below, the Government respectfully submits that a Guidelines sentence of one-year of incarceration be imposed at sentencing.

    **A.  The Offense Conduct**

    On April 25, 2014, two on-duty U.S. Department of Veterans Affairs ("VA") police officers observed the defendant rummaging through a purse in an office at the Veterans Affairs Medical Center located at 423 East 23rd Street in Manhattan. When the officers asked the defendant what he was doing, the defendant became agitated, cursed at the officers, and, without provocation, began kicking and punching them. The defendant was then placed under arrest, and made the following statements to the officers, in substance and in part: I'm going to put an uzi to your head; I'm going to kill you; I'm going to kill your whole family; I'm going to follow you home; I'm going to shoot you. PSR ¶¶ 7-9.

    Both officers suffered relatively serious physical injuries as a result of the assault. The defendant struck one officer in his right thigh, right groin area, right ribcage, and right arm, and as a result that officer sought immediate medical attention, including x-rays. That officer was out-of-work due to his injuries from April 25, 2014 through June 2014, and then again beginning August 17, 2014, when he underwent surgery to his groin due to the injuries caused by the defendant. The defendant kicked the other officer in her right knee, causing a torn ligament. As a result, that officer underwent knee surgery in June 2014, and has been unable to work since that time. PSR ¶¶ 10, 12.

    The defendant was indicted for assaulting a federal officer, and inflicting bodily injury on that officer, in violation of 18 U.S.C. §§ 1326(a) and (b), a felony offense carrying a maximum sentence of 20 years' imprisonment. On July 2, 2014, the defendant pled guilty to the lesser

included offense of simple assault, a misdemeanor, pursuant to a plea agreement, before United States Magistrate Judge Henry B. Pitman.  Your Honor accepted that guilty plea on July 17, 2014.

### B.  A Guidelines Sentence is Appropriate

Pursuant to the defendant's plea agreement, his Guidelines offense level is 13, and his Criminal History Category is IV, which would have resulted in a Guidelines range of 24 to 30 months' imprisonment.  However, because the defendant was permitted to plead to a lesser-included offense with a maximum term of imprisonment of one year, the defendant's stipulated Guidelines sentence is one year of imprisonment.  The Government submits that sentence would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct.

As the defendant concedes in his sentencing submission, the offense conduct here was very serious.  Most notably, both victims suffered greatly as a result of the assault, and had to undergo surgery for their injuries.  Also, the attack was completely unprovoked and without any conceivable justification.  In seeking to explain why he committed this crime, the defendant seems to pin at least some of the blame on his frustration with the care provided by the VA.  However, the circumstances of the assault—the defendant struck the officers when they caught him in the midst of a theft—undermines that claim.  The defendant generally alludes to shortcomings in the care the VA provided him, but does not specifically identify those shortcomings, or proffer any explanation as to how exactly they may have led to this assault.

The defendant's extensive criminal history, and the apparent lack of deterrence that resulted from the imposition of lesser penalties, also counsel in favor of the maximum term of imprisonment.  As noted in the PSR, the defendant has had 21 criminal convictions, including two felonies (a 2002 conviction for assault in the second degree, for which the defendant received a sentence of two years' incarceration, and a 1981 conviction for attempted criminal possession of a weapon in the third degree, for which the defendant received a sentence of 364 days' incarceration).  His other convictions were for criminal possession of a controlled substance in the seventh degree (2013), criminal possession of a weapon in the fourth degree (2013), resisting arrest (2012), petit larceny (three convictions in 2010 stemming from different arrests),  criminal possession of a controlled substance in the seventh degree (1999), criminal trespass (1999), petit larceny (two convictions in 1997 stemming from different arrests), turnstile jumping (1997), turnstile jumping (1995), patronizing a prostitute (1995), turnstile jumping (1993), petit larceny (1992), turnstile jumping (1992), criminal mischief (1983), and harassment (1977).

As the PSR observes, two of the defendant's most recent convictions involve conduct similar to that at issue here: the 2012 resisting arrest conviction involved the defendant punching another individual in the face, and trying to take that individual's cell phone, and the 2013 criminal possession of a weapon conviction involved the defendant demanding a police officer purchase a sandwich for the defendant, and the defendant swinging his cane at the officer.  The

former offense resulted in a sentence of time served (with 68 days spent incarcerated), and the latter offense resulted in a sentence of five days of incarceration. PSR ¶¶ 67-70.

In addition, the defendant has a long history of receiving violations at the VA for petty theft, disturbing the peace, and similar offenses. In the last five years alone, the defendant has incurred at least 15 unpaid violations at the VA. In a case brought by this Office following the defendant's refusal to pay four violation notices in 1997, the defendant pled guilty two misdemeanor offenses: (1) possession of a prohibited substance on VA property; and (2) disorderly conduct. The defendant was sentenced to pay a $50 fine. That history, along with the lack of deterrence that resulted from those violations, is one of the primary reasons that the Government brought this case.

The Government agrees that the defendant's apparent psychological problems are a mitigating factor here. While defendant's conduct was knowing and deliberate, and there is no dispute that the defendant is legally responsible for his wrongful actions, the defendant's mental illness appears to render him less able than others to control his own actions. That is the reason the Government agreed to accept a plea to a misdemeanor offense, which substantially reduced the defendant's potential term of incarceration. However, this mitigating factor is already accounted for in the defendant's stipulated Guidelines sentence of one year of imprisonment, and thus does not warrant a further reduced sentence.

For the foregoing reasons, the Government respectfully submits that the defendant's stipulated Guidelines sentence of one year of imprisonment is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing. The Government also submits that a one-year term of supervised release be imposed, with a special condition requiring the defendant to participate in a mental-health program approved by probation, in light of the defendant's history of mental illness.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Jared Lenow
Assistant United States Attorney
(212) 637-1068

**cc (by email):**

Sabrina Shroff, Esq.
Counsel for Defendant Donald Taylor

3