

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 11, 2014

By ECF and Hand

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States* v. *Donald Taylor*, 14 Cr. 337 (ER)

Dear Judge Ramos:

     The defendant was sentenced in this matter on October 2, 2014 to time served, and a term of supervised release of one year, with six months' home confinement. The Court stated 'I will impose restitution," but that "I will await the Government's report concerning what restitution may be applicable." Sentencing Tr. 46. The Government writes to provide that report.

    **A. The Offense Conduct**

     On April 25, 2014, two on-duty U.S. Department of Veterans Affairs ("VA") police officers observed the defendant rummaging through a purse in an office at the Veterans Affairs Medical Center located at 423 East 23rd Street in Manhattan. When the officers asked the defendant what he was doing, the defendant became agitated, cursed at the officers, and, without provocation, began kicking and punching them. The defendant was then placed under arrest, and made the following statements to the officers, in substance and in part: I'm going to put an uzi to your head; I'm going to kill you; I'm going to kill your whole family; I'm going to follow you home; I'm going to shoot you. PSR ¶¶ 7-9.

     Both officers suffered relatively serious physical injuries as a result of the assault. The defendant struck one officer in his right thigh, right groin area, right ribcage, and right arm, and as a result that officer sought immediate medical attention, including x-rays. That officer was out-of-work due to his injuries from April 25, 2014 through June 2014, and then again beginning August 17, 2014, when he underwent surgery to his groin due to the injuries caused by the defendant. The defendant kicked the other officer in her right knee, causing a torn ligament. As a result, that officer underwent knee surgery in June 2014, and has been unable to work since that time. PSR ¶¶ 10, 12.

     The defendant was indicted for assaulting a federal officer, and inflicting bodily injury on that officer, in violation of 18 U.S.C. §§ 1326(a) and (b), a felony offense carrying a maximum

sentence of 20 years' imprisonment.  On July 2, 2014, the defendant pled guilty to the lesser included offense of simple assault, a misdemeanor, pursuant to a plea agreement, before United States Magistrate Judge Henry B. Pitman.  Your Honor accepted that guilty plea on July 17, 2014.  As noted above, the defendant was sentenced on October 2, 2014.

### B.  Applicable Law

Pursuant to the Mandatory Victims Restitution Act of 1996 (the "MVRA"), "the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense."  18 U.S.C. § 3663A(a)(1).  The MVRA applies "in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss."  *Id.* at § 3663A(c)(1).  With respect to "an offense resulting in bodily injury to a victim," the defendant must, among other things, "reimburse the victim for income lost by such victim as a result of such offense."  *Id.* at § 3663A(b)(2).

A district court must set a date for the final determination of the victim's losses "not to exceed 90 days after sentencing," which in this case is December 31, 2014.  18 U.S.C. § 3664(d)(5).  However, a district court retains the power to order restitution after 90 days if "the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount."  *United States* v. *Gushlak*, 728 F.3d 184, 191 (2d Cir. 2013) (quoting *Dolan* v. *United States*, 560 U.S. 605, 608 (2010).

### C.  The Court Should Order Restitution For Lost Wages

The Government has requested information from both officers who were assaulted by the defendant on April 25, 2014, and as of today has received information from one of them ("Victim-1").  The Government spoke to Victim-1 yesterday, and Victim-1 informed the Government that Victim-1 has been unable to work since the assault, and therefore has been collecting workers' compensation payments of 2/3 of Victim-1's $49,405.00 salary since that date.  Therefore, Victim-1 has a financial loss of $10,332.19 as of yesterday due loss of salary.  Victim-1's financial loss for the one-year period following the assault is projected to be $16,468.33 due to loss of wages.  I have enclosed documents provided by Victim-1 that support these loss amounts, including letters from the U.S. Department of Labor Office of Workers' Comp Programs, the Department of Veterans Affairs, and Victim-1.  I have also enclosed a

proposed order of restitution.  Identifying information for Victim-1 has been redacted from the enclosed documents filed on ECF; an unredacted version will be provided directly to the Court by Fax.

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney

By: _____
                              Jared Lenow
                              Assistant United States Attorney
                              (212) 637-1068

**cc (by email):**

Sabrina Shroff, Esq.
*Counsel for Defendant Donald Taylor*

File Number: ▓▓▓▓
ff-O-NO

U.S. DEPARTMENT OF LABOR

OFFICE OF WORKERS' COMP PROGRAMS
PO BOX 8300 DISTRICT 2 NYC
LONDON, KY 40742-8300
Phone: (212) 863-0800

October 10, 2014

Date of Injury: 04/25/2014
Employee: ▓▓▓▓



Dear Ms. DUNSTON:

Since at this time you do not appear to have qualifying dependents, your compensation rate is 2/3 or 66%.

If you require additional information, please submit your request in writing to the above address or via ECOMP.

Sincerely,

T. Boone
Claims Examiner

DEPARTMENT OF VETERANS AFFAIRS
VETERANS HEALTH ADMINISTRATION
NY CAMPUS-NY HARBOR HCS
423 EAST 23RD STREET, ROOM 1569
NEW YORK, NY 10010

*If you have a disability (a substantially limiting physical or mental Impairment), please contact our office/claims examiner for information about the kinds of help available, such as communication assistance (alternate formats or sign language interpretation), accommodations and modifications.*

**DEPARTMENT OF VETERANS AFFAIRS**
**NEW YORK HARBOR HEALTHCARE SYSTEM**

October 07, 2014

To Whom It may Concern

This employee ▓▓▓▓▓ is an employee of the Department of Veterans Affairs since 9/30/2007. She is a Police Officer. Her yearly salary is $49,405.00. If I can be of any assistance please do not hesitate to contact me. My phone # is 212 686-7500 ex: 7329.

Sincerely,

*[signature]*

Delores Jackson
Payroll Tech.

10.20.2014

To Whom it may concern,
My yearly salary is $49,405.00
Since I been out of work
for my job injury that took
place on April 25.2014 my salary
have change
  I am receiving 2/3 of my
yearly salary. Which is
$32,936.67.
  My lost wage is $16,468.33
and I am not receiving Saturday
and Sunday premium.

Sincerely

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA              **Order of Restitution**
:
    - v. -                              **14 Cr. 337 (ER)**
:
DONALD TAYLOR,
:
        Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Upon the application of the United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, Jared Lenow, Assistant United States Attorney, of counsel; the presentence report; the Defendant's conviction on Count One of the above Indictment; and all other proceedings in this case, it is hereby ORDERED that:

      **1. Amount of Restitution.**   DONALD TAYLOR, the Defendant, shall pay restitution in the total amount of $10,332.19 to the victim of the offense charged in Indictment 14 Cr. 337 (ER). The name and address of that victim are set forth in the Schedule of Victims attached hereto. Upon advice of a change of address, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

      **2. Sealing.** Consistent with Title 18, United States Code, Sections 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims attached hereto shall be filed under seal, except that copies may be retained

and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

Dated: New York, New York
December __, 2014

_____
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    UNITED STATES OF AMERICA           **TO BE FILED UNDER SEAL**
:
         - v. -                                   **Schedule of Victims**
:
    DONALD TAYLOR,                 **14 Cr. 337 (ER)**
:
          Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| Name | Address | Amount of Restitution |
|---|---|---|
|  |  | $10,332.19 |
|  | **TOTAL** | $10,332.19 |

6.2011